MILLER, judge.
Plaintiff relator Roscoe Slay filed a motion in this court seeking to dismiss the timely perfected but unlodged suspensive appeal taken by defendants respondents Donald E. Ater, et al. We deny the motion.
Relator contends that respondents failed to timely pay the clerk of court all “fees due the clerk of the trial court for preparing the record of appeal.” Under LSA-R. S. 13:4445, these costs must be paid not later than three days before the return day, or extended return day, as fixed by the trial court.
The suspensive appeal was granted by the trial court and perfected by appellant on October 23, 1973. The appeal was made returnable to the Court of Appeal, Third Circuit, on December 21, 1973. On October 23, 1973 appellants-respondents’ counsel paid the clerk of court $50, $25 representing the filing fee required by the Court of Appeal and $25 representing court costs requested by the deputy clerk of court.
Relator contends that respondents failed to timely pay the court reporter for transcribing the record for appeal and attaches an affidavit from the deputy clerk and court reporter Patsy Clary. She deposed that she made demands upon respondents’ counsel for the costs to transcribe the record, but received no money before the December 21, 1973 return day for the appeal. She stated that her failure to timely file the transcript and record with the Court of Appeal was the result of respondents’ failure to pay the transcribing costs.
Counsel for respondents in his answer to the motion to dismiss, categorically denied *844 that? he or his office was requested to pay the costs of transcribing prior to his December 13, 1973 receipt of a written invoice dated December (no date shown) 1973. This invoice sought $500 as the cost to transcribe the testimony. Counsel stated that he made out his check for $500 dated December 17, 1973 and this check was hand delivered to the deputy clerk on December 18, 1973. He states that the failure of the deputy clerk to deposit the check until December 21, 1973 is of no consequence.
Counsel for respondents further avers that he requested the deputy clerk to prepare the transcript on October 24, 1973 and to submit her statement for services. A Xerox copy of his October 24, 1973 letter to her supports this allegation. Counsel avers that he contacted the deputy clerk on numerous occasions inquiring when she expected to complete the transcript. He was advised that she would not be able to start transcribing the testimony within the 60 day period and SHE would have to obtain an extension of the return day.
Respondents attached an affidavit by the secretary for respondents’ counsel in which she supported her employer. She deposed that on December 18, 1973 she had delivered a $500 check payable to the clerk dated December 17, 1973 to the deputy clerk; that she repeatedly contacted the deputy clerk concerning the status of the transcript and was repeatedly informed by the deputy clerk that she was deluged with work and would get to it as soon as she could, and that she would obtain all necessary extensions. The secretary denied that the office had received telephone demands for the costs of transcribing the testimony.
On this record we are unable to conclude that relator established that the record was not timely ordered or that the costs of transcribing the record were not timely paid. Netterville v. T. L. James & Company Inc., 280 So.2d 662 (La.App. 3 Cir. 1973) and the cases therein cited are distinguished on the facts.
Relator next contends that only one sixty day extension was obtained for the return date and that was dated December 22, 1973. Relator contends that the extensions should be applied for by appellant. We differ.
Under LSA-C.C.P. arts. 2126 and 2127, where the costs of preparing and filing the record on appeal have been timely paid, the failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal.
The motion to dismiss the appeal is denied at relator’s costs.
Motion denied.